IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FUZZYSHARP TECHNOLOGIES, INCORPORATED, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) Civ. No. 09-872-SLR<br>) |
| NVIDIA CORPORATION, DELL, INC., SONY ELECTRONICS INC., SONY COMPUTER ENTERTAINMENT AMERICA INC. and MATROX MATROX GRAPHICS INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**MEMORANDUM ORDER**

At Wilmington this 6th day of April, 2010, having reviewed defendants[1] motion to transfer or dismiss, plaintiff's motion to stay, and the papers submitted in connection therewith;

IT IS ORDERED that defendants' motion to transfer (D.I. 18) is granted and plaintiff's motion to stay (D.I. 16) is denied, for the reasons that follow:

1. Plaintiff is a Nevada corporation which, at the time the instant lawsuit was initiated, had previously filed seven separate cases alleging infringement of the patents-in-suit[2] against multiple defendants that competed in the graphics processing

---

[1] The motion was filed by defendant NVIDIA Corporation (D.I. 18); defendant Dell, Inc. joined in the motion. (D.I. 23)

[2] The patents-in-suit relate to calculations used to generate ("render") 3-D computer graphics images.

technology business. All of these cases were filed in the United States District Court for the Northern District of California ("the California cases").[3]

2. The instant lawsuit was filed on November 16, 2009. On December 11, 2009, the judge presiding over one of the California cases issued a decision on summary judgment invalidating the patents-in-suit under *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2009). *See Fuzzysharp Techs., Inc. v. 3D Labs Inc.*, 2009 WL 4899215 (N.D. Cal. December 11, 2009). That decision is on appeal.

3. Generally, the fact that another court has some familiarity with the technology at issue or the patents-in-suit is not dispositive of a motion to transfer. The question presented by the unusual facts of record, however, is whether it makes sense for this court to keep the case at bar, necessarily imposing a stay pending the Supreme Court's review of *In re Bilski* and/or the Federal Circuit's review of the *3D Labs Inc.* decision. I conclude that these unusual circumstances warrant the transfer of the case to the Northern District of California, in order to promote judicial economy, efficiency and fairness. Given the plaintiff's prior filings in the Northern District of California, any

---

[3]These related actions are: *Fuzzysharp Techs., Inc. v. Hewlett-Packard Co.*, Case No. 3:01-cv-04915 (N.D. Cal. filed Dec. 14, 2001); *Fuzzysharp Techs., Inc. v. Silicon Graphics, Inc.*, Case No. 4:03-cv-04404 (N.D. Cal. filed Sep. 30, 2003); *Fuzzysharp Techs., Inc., v. I-O Data Device USA., Inc.*, Case No. 3:04-cv-02640 (N.D. Cal. filed June. 30, 2004); *Fuzzysharp Techs., Inc. v. ATI Techs., Inc.*, Case No. 4:05-cv-01318 (N.D. Cal. filed Mar. 31, 2005); *Fuzzysharp Techs., Inc. v. S3 Graphics Co.*, Case No. 4:07-cv-02262 (N.D. Cal. filed Apr. 25, 2007); *Fuzzysharp Techs., Inc. v. 3DLabs Inc.*, Case No. 4:07-cv-05948 (N.D. Cal. filed Nov. 26, 2007); *Fuzzysharp Techs., Inc. v. Sun Microsystems, Inc.*, Case No. 4:08-cv-04284 (N.D. Cal. filed Sep. 11, 2008).

further consideration of the *Jurmara*[4] factors is not necessary.

_____
United States District Judge

---

[4] 55 F.3d 873, 879 (3d Cir. 1995).